**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1806

LESLIE OCASIO, ET AL.,

Plaintiffs, Appellants,

v.

NEFTALÍ SOTO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

Juan P. Rivera-Román and JRAF Law Firm on brief, for appellants.

Margarita Mercado-Echegaray, Solicitor General, Department of Justice, Commonwealth of Puerto Rico, and Andrés González-Berdecía, Assistant Solicitor General, on brief, for appellee.

October 23, 2015

**BARRON**, **Circuit Judge**.  Plaintiffs appeal from the District Court's grant of Defendant Neftalí Soto's motion to dismiss their due process challenge, which arises out of a failed settlement negotiation of employment claims.  We affirm.

The complaint alleges the following facts.  Soto was Puerto Rico's Secretary of Agriculture in January of 1997 when he fired approximately 600 employees of the Department of Agriculture.  Many of these former employees, including the plaintiffs here, sued in a Puerto Rico court. One group of fifty such former employees obtained a favorable judgment from a Puerto Rico court and then settled with the Department of Agriculture. Meanwhile, another set of approximately 200 cases, including those of the plaintiffs here, remained pending before a Puerto Rico court.  At some point, settlement negotiations began between those 200 plaintiffs and the Department.  At various points a new Secretary of Agriculture, as well as attorneys from the Puerto Rico Departments of Agriculture and Justice, recommended settling with the former employees.  Nonetheless, the settlement negotiations dragged on without being completed.  Then, in 2012, when the settlement was all but agreed to and about to be signed, Soto again became the Secretary of Agriculture and refused to settle with the former employees.

On the basis of these alleged facts, the plaintiffs brought suit in Federal District Court, claiming that Soto violated

their procedural and substantive due process rights by refusing to settle with them. The District Court dismissed the suit under Federal Rule of Civil Procedure 12(b)(6) because the plaintiffs had not adequately alleged a violation of a constitutionally protected right. See Ocasio v. Soto, No. 13-1699 (JAG), 2014 WL 2586278, at * 2 (D.P.R. June 10, 2014)("Plaintiffs cannot seriously claim they are entitled to the settlement of the state court case absent consent from the opposing party.").

We review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. See Carter's of New Bedford, Inc. v. Nike, Inc., 790 F.3d 289, 291 (1st Cir. 2015). In doing so, "[w]e assume the truth of all well-pleaded facts in the complaint and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." Id. (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005)) (internal quotation marks omitted).

"In order to establish a substantive due process claim, the plaintiff must first show a deprivation of a protected interest in . . . property." Rivera v. Rhode Island, 402 F.3d 27, 33-34 (1st Cir. 2005). Similarly, in order "[t]o establish a procedural due process claim under § 1983, a plaintiff must [have] alleged that she was deprived of a property interest." Maymi v. P.R. Ports Auth., 515 F.3d 20, 29 (1st Cir. 2008). Plaintiffs repeatedly assert in their briefs that they had a constitutionally protected

interest in their jobs, see Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985), but the complaint identifies the settlement (rather than the jobs) as the only protected property interest that was infringed. The plaintiffs have not developed any argument, however, as to why they have a constitutionally protected interest in a settlement that the government refuses to consummate. And plaintiffs make no other constitutional claim. We therefore affirm the District Court's order dismissing the case with prejudice on the ground that the plaintiffs had "failed to put forth a cognizable violation of a constitutionally protected property right." Ocasio, 2014 WL 2586278, at * 2; see Gemco Latinoamerica, Inc. v. Seiko Time Corp., 61 F.3d 94, 101 (1st Cir. 1994)("An appellant waives arguments not made or only cursorily developed.").

For the reasons stated above, the judgment of the District Court is **Affirmed**.